## No. 30.

### HENRY WEBER *v.* WIDOW ANTOINETTE FROH.

Objection to evidence comes too late when made after its admission.

Parole evidence is inadmissible to vary terms of a written agreement.

Want of consideration cannot be successfully pleaded where party has ratified original transaction by subsequent acts.

Burden of proof rests upon party who pleads want of consideration.

*Appealed from Fourth District Court, Parish of Orleans.*

*Robert I. Ker,* attorney for plaintiff, appellant.

*Charles S. Rice,* attorney for defendant, appellee.

His Honor Judge Walter H. Rogers delivered the opinion of the Court and decree of the Court in the words and figures following to wit:

On the 21st. March 1874, defendant, Antoinette Froh, executed a note payable to the order of Joseph Norggerate for $500 (five hundred dollars) in one year after date with interest at 8% from maturity. The payee of this note endorsed it in blank, and transferred it to plaintiff Weber. At the maturity of this note, March 24th. 1875, both the maker and endorser signed waiver of demand, protest, and notice on the back of the note, and the payment was extended one year, the note to draw 8%, interest from date of extension. The note not having been paid at maturity was regularly protested on the 27th. March 1876, but as the endorser is not sued the protest merely serves to prove amicable demand of the maker. This suit was instituted on the 8th. of April 1876.

On the 18th. April 1876 the defendant filed an answer setting up for defense "that the note sued on was totally without legal consideration, and that of this fact plaintiff was fully aware before he acquired said note".

To sustain this defense, the defendant was sworn as a witness—she stated that she had never received anything for signing the note; she signed it merely because her father told her to do so. She signed twice by which she explained that the second time was a renewal for one year at 8%. No further testimony was offered by defendant and plaintiff offered note, endorsement, and act of protest. Had the matter rested here, we would have but very little to add to what we have already written; but counsel for plaintiff placed his client upon the stand to testify substantially "that he sold two lots of ground in this city to defendant, and that the note sued on was given

in part payment of said purchase; that defendant's father said they did not want a mortgage on the property and agreed to endorse the note; that the note was accordingly endorsed by the defendant's father; hence it was put in the shape it was in order to enable him to endorse it." On cross examination plaintiff was asked if the act of sale was in writing, and whether he had made any sale of other property to defendant. To the first, he answered, Yes, and to the second inquiry, No. From the record we find that thereupon defendant offered a certified copy of the act of sale referred to and simultaneously objected to any contradiction on the part of the plaintiff, Weber, of the recitals of the said act—which objection was sustained and a bill of exceptions reserved.

It occurs to us that the condition of facts presented by this page of the record are rather remarkable, there is no evidence that plaintiff attempted to proceed one step further than he had already advanced, and to the testimony elicited no objection was offered; in fact accepting every statement made by plaintiff. Counsel proceeded to cross examine him only on the facts elicited and from what we can ascertain the testimony here closed as far as plaintiff was concerned and defendant offered the act of sale in evidence. If we are to understand that the objection of counsel noted in the record applied to the testimony already admitted, without objection, the ruling of this Court *a qua* is not so noted as to warrant an expression from us; the evidence in this record is presented for and urged upon our consideration by both parties.

If the objection has reference to any subsequent testimony, it is equally imperfectly presented, for no such testimony was offered. No attempt made to offer any, and we cannot pass upon a new question of law without at least a suggestion of fact showing the pertinency or necessity for such decision. We shall therefore not consider the bill of exemption *per se*, as tendering any question for decision, and our view here expressed arises entirely from the relations the facts bear to each other, in the evidence for and against, and the legal propor-

tions resulting therefrom. The genuineness of the note is not denied—it was made, signed, endorsed and delivered as upon its face it purports and the testimony shows that title to the note is in plaintiff through a person not the defendant, one Joseph Norggerate, who endorsed it. Nothing in the record is urged against the title of Norggerate, nor are we informed by allegations even that there was either fraud or bad faith connected with the transaction on the part of the endorser, who is defendant's father, and the only testimony in the record evincing a knowledge of the original consideration, is that of plaintiff, which counsel opposes with the authentic evidence of the sale referred to, but which testimony herein, he urges to prove the want of consideration set up by defendant. The policy of the law is to jealously guard the sanctity of agreement—parties must stand by lawful obligations which they have legally imposed upon themselves and they will not be relieved from the consequences unless the provisions of the law require for their integrity such release. Strictly congruent to this principle, is that invoked by defendant which refuses to a party the power to contradict his solemn declaration, and we must apply without distinction the same construction to similar conditions of fact.

Mrs. Froh, the present defendant is before us, seeking virtually to annul two contracts—; the first of date 21st. of March 1874, when she executed the note in favor of her father for $500.00 with 8% per annum interest, payable one year after its date; the second when she contracted with plaintiff and her father, at its maturity for a renewal for another year at 8% per annum interest on the note; as far as the testimony bears upon this feature of the case we learn from defendant that she renewed the note for the interest of 8% and because her father had told her without expressing an opinion as to the extent this second act in connection with the note they have ratified the original transaction, it is very evident she was not impressed with either the want of a lawful consideration or the improper conduct of her father then and that her

rights, whatever they were, became for the first time apparent to her when payment was demanded.

We must believe from her testimony that she received no money consideration for the note or renewal, still it was done at the request of her father and without fraud or illegal practice whatever—; this would not suffice to establish her defense, particularly as the amount of the note and interest when sued upon exceeded $500.00. The testimony of plaintiff in so far as he seeks to explain the nature of the original transaction, if considered at all, must be considered as a whole, and it shows that while the defendant truly received no cash still she received a legal consideration—: then if in connection with this testimony we examine the act of sale offered by defendant, we find that plaintiff acknowledged when received in payment, "Cash—Current Money". And the price $2,000.00 instead of $500.00 as stated by plaintiff and upon this contradiction of fact defendant forced a conclusion of the cause. There is no contest before us as to this act of sale; whatever the issue here, it will stand unimpeached and its only apparent purpose here is as a piece of evidence rebutting the testimony of an opposing witness received without objection—; no judgment that can now be rendered will determine whether the sale was a real or fraudulent one—or that the consideration mentioned in the act was never paid—if either of those propositions were before us requiring our decision we would dispose of them. The question of what effect should be given to the testimony of plaintiff in so far as it corroborates the question of consideration *vel non*, is before us as a question of fact and not of law—The authorities cited by the learned counsel for defendant all have reference to cases where objection to testimony were made, in the present case the testimony was admitted without objection. And as before said, we are not called upon to decide the validity of the act. The burden of proof being upon defendant to establish the want of consideration, 20 Ann. 209, she has failed and the judgment in her favor was erroneous.

The judgment of the District Court is annulled, avoided and reversed and proceedings to render such judgment as the District Court should have rendered—It is ordered, adjudged and decreed that the plaintiff Henry Weber do have judgment in his favor against the widow, Antoinette Froh, for the sum of $500.00, with interest thereon at the rate of 8% per annum from March 24, 1875 until paid, with three 50/100 dollars cost of protest. It is further ordered that the defendant pay the cost of both courts.

Rehearing refused January 3, 1881 by Judge McGloin.